## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ERIKA SANTOS,**

      **Plaintiff,**

**v.**                                       **Case No.**

**RONALD HOWSE, EDGAR FIGUEROA, WINSTON SCOTT, BRUCE DEARDOFF, AND KRISTINE ZONKA, in their official capacities as members of the Eastern Florida State College Board of Trustees, and DARLA FERGUSON, in her individual and official capacities as Associate Vice President of Human Resources of the Eastern Florida State College,**

      **Defendants.**

_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, ERIKA SANTOS ("Plaintiff" or "Santos"), by and through her undersigned attorneys, files this Complaint against Defendants RONALD HOWSE, EDGAR FIGUEROA, WINSTON SCOTT, BRUCE DEARDOFF, and KRISTINE ZONKA, in their official capacities as members of the Eastern Florida State College ("EFSC") Board of Trustees, and DARLA FERGUSON ("Ferguson"), in her individual and official capacities as Associate Vice President of Human Resources at EFSC, and states as follows:

1

# I.

## INTRODUCTION

1.      In the wake of the killing of political activist Charlie Kirk on September 10, 2025, Americans of all persuasions voiced raw reactions online.  In that swirl of commentary, the State of Florida, through its public institutions, has undertaken a campaign of censorship, punishing employees who expressed protected political viewpoints. This case challenges one such act: Ferguson's firing of Santos from her employment at EFSC for comments Santos made on her personal, private Facebook account.

2.      Santos' private social-media posts were political speech on a matter of public concern.

3.      Defendants' termination of Santos' employment was retaliation, content-based discrimination, and viewpoint discrimination forbidden by the First Amendment of the U.S. Constitution.

# II.

## JURISDICTION AND VENUE

3.      This action arises under 42 U.S.C. § 1983 for deprivation of rights secured by the U.S. Constitution.

4.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4), and may issue declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and Rule 65, Fed. R. Civ. P.

5.      Plaintiff seeks declaratory, injunctive, compensatory, nominal, and punitive relief for violations of her rights under the First and Fourteenth Amendments.

6.      Venue lies in this District and Division under 28 U.S.C. § 1391(b) because Defendants work in and the acts complained of occurred in Brevard County, Florida.

### III.

### PARTIES

7.      Plaintiff Erika Santos is an adult citizen of Florida, EFSC graduate, and former EFSC employee residing in Brevard County. Santos worked for EFSC in various clerical accounting positions between July 2019 and January 2023. On February 10, 2025, EFSC rehired Santos as a Grant Accountant in its Accounting Office on the Cocoa Campus. In this role, she provided accounting services in support of post-award grant compliance. *See* Ex. 4 at 24 for complete job description.

8.      Defendants Ronald Howse, Edgar Figueroa, Winston Scott, Bruce Deardoff, and Kristine Zonka are members of the Eastern Florida State College Board of Trustees and are sued in their official capacities. EFSC is a public institution of higher education organized under the laws of Florida with four campuses located in Brevard County.

9.      Defendant Darla Ferguson is EFSC's Associate Vice President for Human Resources. Ferguson was the EFSC official who suspended and later

3

terminated Plaintiff, acting under color of state law, and she is sued in both her individual and official capacities.

10.     At all relevant times, Defendants were state actors exercising authority under Florida statutes, regulations, and institutional policies.

11.     Their actions in disciplining and terminating Plaintiff constituted state action within the meaning of 42 U.S.C. § 1983.

## IV.

## FACTUAL ALLEGATIONS

12.     Charlie Kirk was a prominent conservative activist who was known for sharing his often-controversial viewpoints through podcasts and debates on college campuses. On September 10, 2025, he was publicly shot and killed during one such campus event. In the aftermath, a public debate arose over how he should be remembered, given his prior controversial statements on topics including empathy, women's rights, and mass shootings.

13.     On September 10, 2025, Santos joined that debate by sharing on her personal, non-public Facebook page a post originally posted by the page Worldstar Hip Hop that included a photograph of Charlie Kirk with the text "NEWS CHARLIE KIRK SHOT AT EVENT IN UTAH."

14.     The Worldstar Hip Hop post[1] said, "According to reports, Trump ally and conservative activist Charlie Kirk was shot at an event in Utah on Wednesday, a source says. The extent of his injuries is unclear. Kirk, co-founder

---

[1] https://www.facebook.com/worldstarhiphop/posts/1198449478982464/ (last accessed 11/12/2025).

of Turning Point USA, is a prominent pro-Trump figure. The FBI is monitoring the incident at Utah Valley University, according to Director Kash Patel."

15.    With the shared Worldstar Hip Hop post, Santos included a quote attributed to Mr. Kirk: "If I had a 10-year-old daughter who was sexually assaulted and became pregnant as a result, I would force her to carry the pregnancy to term." Santos added: "Imma just shut up now…"

16.    Santos' co-worker, Shauna Thomas, commented on Santos' post, "Anyways, thoughts and prayers. Or whatever," along with a photo of Mr. Kirk and a quote of Mr. Kirk's rejection of empathy: "I can't stand the word empathy, actually. I think empathy is a made-up, new age term and it does a lot of damage."

17.    Santos commented on Thomas's post, "ayyyyyyy. Coming in HOT with this one."

18.    Thomas replied, "It's almost like his words are coming back to haunt him and I love that for him."

19.    Santos responded, "It really is some crazy irony. It's very telling about the vibes one puts out into the world."

20.    Another Facebook user and longtime acquaintance of Santos, Kristen Mazur, accused some commenters, but not Santos, of condoning violence.

21.    Later, on September 10, on her personal, non-public Facebook page Santos also shared a Facebook post from the page Feminist News commenting: "Ten toes down 🙋 feel free to delete me 👌."

5

22.     The Feminist News post[2] image was of Mr. Kirk with text reading: "Let's make one thing clear from the start: Charlie Kirk was the victim of a shooting in a country where he, along with other right-wing extremist influencers, have been inciting violence for years. Kirk is neither a martyr nor a hero; he is a cause."



23.     The shared post also stated: "Charlie Kirk, the anti-immigrant, anti-abortion, anti-women's rights, anti-anything-human-rights, very racist and

---

[2] https://www.facebook.com/feministnews.us/posts/1242631471243343/ (last visited 11/12/2025).

islamophobic right-wing activist, Trump ally, and executive director of Turning Point USA, has died after being shot in the neck on Wednesday while speaking at a university campus event in Utah, President Trump has confirmed."

24.    Santos' comment used a common slang expression—"ten toes down," meaning standing firm in one's beliefs—that did not celebrate, let alone allude to, violence.

25.    On the same post Santos exchanged comments with a childhood acquaintance, Josh Torgusen, making it clear that she did not condone the killing or wish harm on Mr. Kirk or anyone else.

26.    On or about September 18, 2025, EFSC's Human Resources office received an anonymous letter enclosing screenshots of Santos' personal, non-public Facebook posts about Mr. Kirk. A copy of this letter and the referenced screenshots are attached as Exhibit 1.

27.    On or about September 18, 2025, after receiving the anonymous letter, Ferguson visited Santos' office and suspended Santos without pay "pending investigation of [her] recent social media posts regarding Charlie Kirk."  A copy of Ferguson's letter suspending Santos is attached as Exhibit 2.

28.    On September 23, 2025, Sgt. Ricky Carswell of EFSC's security department produced a memorandum summarizing his claimed findings on the posts.  A copy of this memorandum is attached as Exhibit 3.

29.    Carswell confirmed he could not locate the posts publicly, indicating they had been deleted or were visible only to approved friends.

30.     Carswell did not include in his memorandum any investigation or conclusions related to potential threats to or disruption of the college campus. Instead, he concluded that Santos worked for the college, used Facebook to discuss her views on the death of Charlie Kirk, and that the posts and comments were "disgraceful in that they give the appearance of condoning the assassination of Charlie Kirk."

31.     On or about October 15, 2025, Ferguson issued an "Outcome of Investigation" memorandum asserting that "Santos appears to condone if not celebrate the death of Charlie Kirk." A copy of this Outcome of Investigation memorandum is attached as Exhibit 4.

32.     On October 16, 2025, Ferguson issued a termination letter, declaring that Santos' comments "appeared to condone if not celebrate the death of Charlie Kirk" and were "repugnant, divisive, political in nature, and undermined public confidence in EFSC's ability to provide an educational environment free from discrimination based on political affiliation." A copy of Ferguson's letter terminating Santos is attached as Exhibit 5.

33.     The letter further accused Santos of "condoning or celebrating an act of gun violence occurring on a college campus," despite no such statement in her posts.

34.     The letter cited EFSC Policies 100.1, 400.1, and 106.16 as justification and offered a "liberty-interest name-clearing hearing."

35.     Due to this retaliation, Santos deleted her Facebook account and no longer feels comfortable expressing her political views on the platform.

36.    Santos' Facebook activity was entirely outside of and unrelated to her job responsibilities, which involved grant accounting.

37.    Her posts addressed issues of public concern, including political violence, gender equity, racial equity, and freedom of expression.

38.    Her posts did not disrupt EFSC operations and no disruption was reasonably foreseeable.

39.    Numerous EFSC employees, including Sgt. Carswell, publicly identify themselves as college employees on Facebook, and some have posted inflammatory political content without consequence.  A copy of Sgt. Carswell's Facebook profile which lists his employer as EFSC and shows him in uniform is attached as Exhibit 6.

40.    For example, Carswell publicly shared a post implying that former President Obama supported the 9/11 attackers.  A copy of Sgt. Carswell's public Facebook post is attached as Exhibit 7.

41.    EFSC selectively disciplined Santos based on her viewpoint while ignoring comparable conduct by others.

42.    Defendants' actions caused Santos financial loss, emotional distress, reputational harm, and the chilling of her speech.

### V.

### DAMAGES AND ATTORNEY'S FEES

43.    As a direct result of Defendants' actions, Plaintiff has lost wages, benefits, and career opportunities.

9

44.    Plaintiff has retained counsel and is entitled to recover reasonable attorney's fees and costs under 42 U.S.C. § 1988.

## COUNT I

### FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)
*(Against members of the Eastern Florida State College Board of Trustees and Ferguson in their official capacities)*

45.    Plaintiff realleges paragraphs 1 through 44.

46.    Plaintiff engaged in constitutionally protected speech as a private citizen on matters of public concern.

47.    Defendants took adverse employment actions—suspension and termination—because of that speech.

48.    The termination would deter an ordinary person from speaking publicly on political issues.

49.    Plaintiff's political expression was a substantial factor in the termination decision.

50.    Defendants' stated reasons were pretextual; no disruption or misconduct occurred.

51.    Defendants' conduct violated Plaintiff's rights under the First and Fourteenth Amendments.

**WHEREFORE**, Plaintiff requests that this Court:

a)    Declare that Defendants' termination violated the First Amendment;

b)    Order reinstatement with appropriate equitable relief, including but not limited to front pay and benefits;

c)    Award attorney's fees and costs under 42 U.S.C. § 1988; and

d)    Grant all further relief deemed just.

## COUNT II

**FIRST AMENDMENT CONTENT AND
VIEWPOINT DISCRIMINATION (42 U.S.C. § 1983)**
*(Against members of Eastern Florida State College Board of Trustees
and Ferguson in their official capacities)*

52.    Plaintiff realleges paragraphs 1 through 44.

53.    Defendants terminated Plaintiff because they objected to the content and viewpoint of her political speech.

54.    Defendants' action, terminating Plaintiff's employment because of her speech, demonstrate content and viewpoint discrimination.

55.    No legitimate, content-neutral justification existed.

56.    Plaintiff's speech caused no disruption to EFSC's mission or operations and no disruption was reasonably foreseeable.

**WHEREFORE**, Plaintiff requests that this Court:

a)    Declare that Defendants' termination violated the First Amendment;

b)    Order reinstatement with appropriate equitable relief, including but not limited to front pay and benefits;

c)    Award attorney's fees and costs under 42 U.S.C. § 1988; and

d)    Grant all further relief deemed just.

11

## COUNT III

### FIRST AMENDMENT CONTENT AND VIEWPOINT DISCRIMINATION (42 U.S.C. § 1983)
*(Against Darla Ferguson in her individual capacity)*

57.    Plaintiff realleges paragraphs 1 through 44.

58.    Ferguson personally investigated, suspended, and terminated Santos.

59.    Ferguson's conduct and termination letter illustrate that she was motivated by the content and viewpoint of Plaintiff's speech.

60.    By terminating Plaintiff based on her political speech, Ferguson engaged in content-based and viewpoint-based discrimination prohibited by the First Amendment.

61.    The rights violated were clearly established at the time of Ferguson's actions. A reasonable official in her position would have known that firing an employee for private political speech on a matter of public concern violates the First Amendment.

62.    Ferguson is not entitled to qualified immunity.

63.    Her actions caused Plaintiff's loss of First Amendment rights, employment, wages, and emotional distress.

64.    Ferguson acted willfully, maliciously, recklessly, or in callous disregard of Plaintiff's established constitutional rights.

**WHEREFORE**, Plaintiff requests that this Court:

a)    Enter judgment against Ferguson individually for compensatory, nominal, and punitive damages;

b)    Declare that her conduct violated the First and Fourteenth Amendments;

c)    Award attorney's fees and costs under 42 U.S.C. § 1988; and

d)    Grant all additional relief deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax

Michelle Morton (FBN 81975)
Caroline A. McNamara (FBN 1038312)
Samantha J. Past (FBN 1054519)
Daniel B. Tilley (FBN 102882)
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel.: (786) 363-1082
mmorton@aclufl.org
cmcnamara@aclufl.org
spast@aclufl.org
dtilley@aclufl.org

*Attorneys for Plaintiff*