UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIKA SANTOS,**

    Plaintiff,

v.                             CASE NO. 6:25-cv-2167-PGB-LHP

**RONALD HOWSE, EDGAR FIGUEROA, WINSTON SCOTT, BRUCE DEARDOFF, and KRISTINE ZONKA, in their official capacities, and DARLA FERGUSON, in her individual and official capacities,**

    Defendants.
_____/

## DEFENDANT DARLA FERGUSON'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

Defendant, Darla Ferguson, in her individual capacity ("Ferguson"), pursuant to Local Rule 3.01(e) and the Court's Case Management and Scheduling Order (Doc. 18), hereby seeks leave of Court to file a limited reply ("Reply") in support of her Motion to Dismiss (Doc. 16 ("MTD")), and states as follows.

1. On January 9, 2026, Ferguson filed the MTD, in which she argued that the First Amendment discrimination claim against her in her individual capacity should be dismissed because she is entitled to qualified immunity. *See* Doc. 16.

2. On January 30, 2026, Plaintiff, Erika Santos ("Santos"), filed her Response to Ferguson's MTD. Doc. 21 ("Response").

1

3. In the Response, Santos argues that "Ferguson is not entitled to qualified immunity because *Rankin v. McPherson* is one of several materially similar cases that provide fair notice that her actions violated clearly established law that prohibits the termination of a public employee's employment based on disapproval of their protected speech." *See* Doc. 21 at p. 11 (citing 483 U.S. 380 (1987)).

4. Based upon Santos' reliance on *Rankin* (*see* Doc. 21 at pp. 10–12), which Ferguson did not rely upon in the MTD, Ferguson respectfully requests leave of Court to file a short Reply solely addressing Santos' reliance on *Rankin* in the Response.

5. **Local Rule 3.01(g) Certification** - Pursuant to Local Rule 3.01(g), Ferguson's counsel has conferred via email with Santos' counsel, who has indicated that Santos does not oppose the requested relief.

WHEREFORE, Ferguson respectfully requests that the Court grant this Motion and permit Ferguson to file a limited Reply, not to exceed three pages, to address Santos' reliance on *Rankin*.

## MEMORANDUM OF LAW

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Weiss v. AT&T Inc.*, No. 6:23-cv-120-WWB-EJK, 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023) (internal quotation marks omitted). Courts will grant a motion for leave to file a reply "where the reply will benefit the Court's resolution of the pending motion." *Id.*

Here, good cause exists to permit Ferguson to file the limited Reply so that she can address the new matter raised in the Response relating to how *Rankin* impacts the qualified immunity analysis. The Reply will be of assistance to this Court in ruling on the MTD as Ferguson will address why *Rankin* did not provide her with fair notice that her actions violated Santos' First Amendment rights. Thus, Ferguson respectfully requests that the Court permit her to file the Reply, not to exceed three pages.

February 3, 2026  Respectfully submitted,

*/s/ Howard M. Waldman*
Mark E. Levitt, Esq.
Florida Bar No. 193190
Howard M. Waldman, Esq.
Florida Bar No. 1002881
FordHarrison LLP
300 South Orange Ave., Suite 1300
Orlando, FL 32801
(407) 418-2300
mlevitt@fordharrison.com
hwaldman@fordharrison.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2026 a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF, which will send a notice of electronic filing to the following: Ryan D. Barack and Michelle Erin Nadeau at rbarack@employeerights.com, jackie@employeerights.com, and mnadeau@employeerights.com; Michelle Morton, Caroline A. McNamara, Samantha J. Past, and Daniel B. Tilley at mmorton@aclufl.org, cmcnamara@aclufl.org, spast@aclusfl.org, and dtilley@aclufl.org.

*/s/ Howard M. Waldman*